IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LAC HOILIEN, an individual, | ) | CIVIL NO. 10-00760 JMS/BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANTS BANK OF |
| vs. | ) | AMERICA N.A., COUNTRYWIDE |
| | ) | HOME LOANS, INC., AND |
| BANK OF AMERICA, a Business | ) | MORTGAGE ELECTRONIC |
| Entity, form unknown, et al., | ) | REGISTRATION SYSTEM'S |
| | ) | MOTION TO DISMISS |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ORDER GRANTING DEFENDANTS BANK OF AMERICA N.A., COUNTRYWIDE HOME LOANS, INC., AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM'S MOTION TO DISMISS

## I.  INTRODUCTION

On December 21, 2010, Plaintiff Lac T. Hoilien ("Plaintiff"),

proceeding *pro se*, filed this action against Defendants Bank of America ("BOA");

Countrywide Home Loans, Inc. ("Countrywide"), and Mortgage Electronic

Registration Systems ("MERS") (collectively, "Defendants") alleging federal and

state law claims stemming primarily from a March 16, 2006 mortgage transaction

concerning real property located at 41 Eleu Place, Kihei, Hawaii 96753 (the

"subject property").

Plaintiff seeks declaratory and injunctive relief, as well as damages

and rescission of the mortgage transaction. Defendants seek dismissal of all counts. For the reasons set forth below, the court GRANTS the Motion and dismisses the Complaint with leave to amend as to certain counts.

## II. BACKGROUND

### A. Factual Background

The court assumes the Complaint's factual allegations are true for purposes of this Motion. *See, e.g.*, *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

According to the Complaint and documents of which the court takes judicial notice, on March 16, 2006, Plaintiff entered into a loan repayment and security agreement with Countrywide. *See* Compl. ¶ 2. Plaintiff's claims stem from the consummation of this transaction.

Plaintiff asserts, among other things, that (1) Countrywide qualified Plaintiff for a loan which it knew Plaintiff was not qualified for and could not repay, and that Plaintiff "should have been declined for this loan," Compl. ¶¶ 20, 25-27, 33; (2) the terms of the transaction were not clear and Defendants[1] never explained the transaction to her, *id.* ¶¶ 20, 28; (3) the loan was more expensive

---

[1] The Complaint often improperly fails to distinguish between Defendants as to alleged causes of action. To provide proper notice, any Amended Complaint should allege necessary facts against specific Defendants, *i.e.*, tie each claim to a specific Defendant and explain how each specific Defendant is liable.

than alternative financing arrangements for which Plaintiff was qualified, *id.* ¶ 20; and (4) Defendants charged excessive or illegal fees. *Id.* ¶ 21, 30.

Plaintiff asserts that Defendants failed to provide forms and disclosures required under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Equal Opportunity Credit Act; "Fair Lending/Fair Debt Collection Act"; and the Real Estate Settlement Practices Act ("RESPA"), 12 U.S.C. § 2601 *et seq.* Compl. ¶¶ 11, 13. Defendants allegedly "intentionally concealed the negative implications of the loan they were offering," *id.* ¶ 18, and "failed to perform their due diligence," *id.* ¶ 19, such that Plaintiff was sold "a deceptive loan product" and the acts of deception created an illegal loan and constituted predatory lending. *Id.* ¶¶ 25-27, 38. Defendants' acts allegedly were in violation of federal and state law, including bad faith, breach of fiduciary duty, and unfair and deceptive trade practices.

## B. Procedural Background

Plaintiff's December 21, 2010 Complaint alleges twelve separate counts, entitled: "(1) Declaratory Relief; (2) Injunctive Relief; (3) Contractual Breach of Implied Covenant of Good Faith and Fair Dealing; (4) Violations of TILA; (5) Violations of RESPA; (6) Rescission; (7) Unfair and Deceptive Acts and Practices (UDAP); (8) Breach of Fiduciary Duty; (9) Unconscionability;

(10) Predatory Lending; (11) Quiet Title; and (12) Lack of Standing (MERS)."

On April 15, 2010, Defendants filed their Motion to Dismiss seeking dismissal of all counts. No further briefing was submitted. Pursuant to Local Rule 7.2(d), the court determines Moving Defendants' Motion without a hearing.

## III. <u>STANDARDS OF REVIEW</u>

**A.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief. *Id.* at 1950.

The court liberally construes pro se pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

**B.      Federal Rule of Civil Procedure 9(b)**

Federal Rule of Civil Procedure 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." "Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud." *In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547-48 (9th Cir. 1994) (en banc) (emphasis in original), *superseded on other grounds by* 15 U.S.C. § 78u-4.

In her pleading, Plaintiff must include the time, place, and nature of the alleged fraud; "mere conclusory allegations of fraud are insufficient" to satisfy this requirement. *Id.* (citation and quotation signals omitted). Where there are multiple defendants, Plaintiff cannot "lump multiple defendants together" and

instead must "differentiate their allegations [between defendants]." *Destfino v. Kennedy*, 630 F.3d 952, 958 (9th Cir. 2011) (citation omitted).  However, "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally."  Fed. R. Civ. P. 9(b); *see also In re GlenFed, Inc. Sec. Litig*, 42 F.3d at 1547 ("We conclude that plaintiffs may aver scienter . . . simply by saying that scienter existed."); *Walling v. Beverly Enter.*, 476 F.2d 393, 397 (9th Cir. 1973) (Rule 9(b) "only requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." (citations omitted)).

A motion to dismiss for failure to plead with particularity is the functional equivalent of a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).  In considering a motion to dismiss, the court is not deciding the issue of "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims."  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald,* 457 U.S. 800 (1982).

///

///

///

# IV. DISCUSSION

Many of the arguments raised by Defendants were addressed in this court's recent Orders addressing similar complaints, *see, e.g.*, *Phillips v. Bank of America*, 2011 WL 240813 (D. Haw. Jan. 21, 2011); *Mier v. Lordsman Inc.*, 2011 WL 285862 (D. Haw. Jan. 27, 2011); *Marzan v. Bank of America*, --- F. Supp. 2d ----, 2011 WL 915574 (D. Haw. Mar. 10, 2011), including a case involving Plaintiff, *Hoilien v. Bank of America*, 2011 WL 976699 (D. Haw. Mar. 17, 2011).[2] The court draws extensively from these earlier Orders.

The Motion makes one preliminary argument as to aspects of the Complaint, and then specifically challenges each of the twelve Counts. The court first addresses the preliminary argument, and then turns to the arguments as to each specific Count.[3]

---

[2] Multiple complaints have been filed with the court by pro se plaintiffs, all alleging the same twelve causes of action and attaching a "Forensic Audit Report" by Francha Services, LLC. Plaintiff has filed complaints alleging the same twelve claims not only in this action, but also in *Hoilien v. Bank of America*, Civ. No. 10-00712 JMS-BMK, and *Hoilien v. Bank of America*, Civ. No. 10-00761 DAE-KSC.

[3] The Complaint also mentions the Equal Opportunity Credit Act, Compl. ¶ 23; the "Fair Lending/Fair Debt Collection Act," *id.* ¶ 11; and the Federal Trade Commission Act, *id.* ¶ 39. Plaintiff, however, asserts no claims for relief (*i.e.*, no Counts) for any alleged violations of those federal laws. The Complaint as written therefore fails to state a claim for violations of those statutes. *Cf. Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000) ("Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation.") (citations omitted).

**A.    Preliminary Argument -- Failure to Make Allegations Against Particular Defendants**

As an initial matter, Defendants argue that the Complaint should be dismissed because the allegations are vague as to each Defendant, and the Complaint does not even assert any misconduct and/or basis for claims against BOA or MERS.  Defs.' Mot. at 6-7.  The court agrees that the Complaint fails, for the most part, to make particular allegations as to specific Defendants and/or explain the relationship between the parties, particularly BOA and Countrywide. Indeed, none of the individual Counts of the Complaint makes any particular allegations as to any specific Defendant, and the general allegations of the Complaint allege certain acts by not only "Countrywide," but also "Defendants." There are no allegations regarding any misconduct by BOA, and only vague allegations as to MERS that are not tied to any particular claim.  The Complaint therefore fails to state a claim that is plausible on its face as to any Defendant.

Accordingly, the Motion is GRANTED, without prejudice.  Plaintiff may file an Amended Complaint as otherwise permitted by this Order attempting to assert precise theories against a properly-named defendant or defendants.

**B.    Counts I and II -- Declaratory and Injunctive Relief**

Defendants argue, among other things, that Count I (Declaratory Relief) and Count II (Injunctive Relief) fail to state claims upon which relief can be

granted because the claims are remedies, not independent causes of action. The court agrees that these Counts fail to state a claim.

Initially, the court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action"); *Henke v. Arco Midcon, L.L.C.*, --- F. Supp. 2d ---- , 2010 WL 4513301, at *6 (E.D. Mo. Nov. 2, 2010) ("Injunctive relief, however, is a remedy, not an independent cause of action."); *Plan Pros, Inc. v. Zych*, 2009 WL 928867, at *2 (D. Neb. Mar. 31, 2009) ("no independent cause of action for injunction exists"); *Motley v. Homecomings Fin., LLC*, 557 F. Supp. 2d 1005, 1014 (D. Minn. 2008) (same). Injunctive relief may be available if Plaintiff is entitled to such a remedy on an independent cause of action.

As for declaratory relief, Count I is apparently seeking relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.[4] Count I alleges that "[a]n actual

---

[4] The Declaratory Judgment Act provides in pertinent part:

> a) In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be

(continued...)

controversy has arisen and now exists between Plaintiff and Defendants regarding their respective rights and duties, in that Plaintiff contends that Defendants did not have the right to foreclose on the Subject Property[.]" Compl. ¶ 42. Plaintiff asks the court to declare that "the purported power of sale contained in the Loan [is] of no force and effect at this time" because of "numerous violations of State and Federal laws designed to protect borrowers[.]" *Id.* ¶ 43. "As a result of Defendants' actions, Plaintiff has suffered damages . . . and seeks declaratory relief that Defendants' purported power of sale is void[.]" *Id.* ¶ 44.

Given these allegations, Plaintiff's declaratory relief claim is not cognizable as an independent cause of action under the Declaratory Relief Act. *See Seattle Audubon Soc. v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996) ("A declaratory judgment offers a means by which rights and obligations may be adjudicated in cases brought by any interested party involving an actual controversy that has not reached a stage at which either party may seek a coercive remedy and in cases where a party who could sue for coercive relief has not yet done so." (citation and quotation signals omitted)). That is, because Plaintiff's claims are based on allegations regarding Defendants' past wrongs, a claim under

---

[4](...continued)
reviewable as such.

28 U.S.C. § 2201(a).

the Declaratory Relief Act is improper and in essence duplicates Plaintiff's other causes of action. *See, e.g.*, *Ballard v. Chase Bank USA, NA*, 2010 WL 5114952, at *8 (S.D. Cal. Dec. 9, 2010) ("A claim for declaratory relief "rises or falls with [the] other claims.") (citation omitted); *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action."); *Ruiz v. Mortg. Elec. Registration Sys., Inc*., 2009 WL 2390824, at *6 (E.D. Cal. Aug. 3, 2009) (dismissing claim for declaratory judgment where foreclosure already occurred such that the plaintiff was seeking "to redress past wrongs"); *Edejer v. DHI Mortg. Co.*, 2009 WL 1684714, at *11 (N.D. Cal. June 12, 2009) ("Plaintiff's declaratory relief cause of action fails because she seeks to redress past wrongs rather than a declaration as to future rights.").

Accordingly, the court DISMISSES Counts I and II without leave to amend. If Plaintiff eventually prevails on an independent claim, the court will necessarily render a judgment setting forth (*i.e.*, "declaring") as such and providing appropriate remedies. Similarly, if injunctive relief is proper, it will be because Plaintiff prevails -- or has met the necessary test for such relief under Rule 65 of the Federal Rules of Civil Procedure -- on an independent cause of action.

## C. Count III -- Covenant of Good Faith and Fair Dealing

Count III is entitled "Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing." Plaintiff alleges that every contract imposes a duty of good faith and fair dealing "in its performance and its enforcement," Compl. ¶ 51, and that Defendants "willfully breached their implied duty of good faith and fair dealing" by engaging in the acts alleged in the Complaint (such as withholding disclosures or information, and "willfully plac[ing] Plaintiff[] in a loan that [he] did not qualify for"). *Id.* ¶ 54.

This claim asserts the tort of "bad faith." *See Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996) (adopting tort of bad faith for breach of implied covenant of good faith and fair dealing in an insurance contract). But, although bad faith is an accepted tort where the plaintiff is a party to an insurance contract, the tort has not been recognized in Hawaii based upon a mortgage loan contract. *See Jou v. Nat'l Interstate Ins. Co. of Haw.*, 114 Haw. 122, 129, 157 P.3d 561, 568 (Haw. App. 2007) (explaining that "the Hawaii Supreme Court emphasized that the tort of bad faith, as adopted in [*Best Place v. Penn Am. Ins. Co.*, 82 Haw. 120, 128, 920 P.2d 334, 342 (1996)] requires a contractual relationship between an insurer and an insured" (citations omitted).

Moreover, although commercial contracts for "sale of goods" also

contain an obligation of good faith in their performance and enforcement, this obligation does not create an independent cause of action. *See Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A.*, 459 F. Supp. 2d 1028, 1037-38 (D. Haw. 2006). And Hawaii courts have noted that "[o]ther jurisdictions recognizing the tort of bad faith . . . limit such claims to the insurance context or situations involving special relationships characterized by elements of fiduciary responsibility, public interest, and adhesion." *Id.* at 1037 (quoting *Francis v. Lee Enters.*, 89 Haw. 234, 238, 971 P.2d 707, 711 (1999)). It is thus unlikely that Plaintiff could recover for bad faith as alleged in Count III.

Importantly, even assuming a bad faith tort exists outside the insurance context, it is well-settled that "[a] party cannot breach the covenant of good faith and fair dealing before a contract is formed." *Contreras v. Master Fin., Inc.*, 2011 WL 32513, at *3 (D. Nev. Jan. 4, 2011) (citing *Indep. Order of Foresters v. Donald, Lufkin & Jenrette, Inc.*, 157 F.3d 933, 941 (2d Cir. 1998) ("[A]n implied covenant relates only to the performance under an extant contract, and not to any pre-contract conduct.")). Hawaii follows this distinction. *See Young v. Allstate Ins. Co.*, 119 Haw. 403, 427, 198 P.3d 666, 690 (2008) (indicating the covenant of good faith does not extend to activities occurring before consummation of an insurance contract).

Thus, because all of Count III's allegations concern pre-contract activities (failing to disclosure terms, failing to conduct proper underwriting, making an improper loan to Plaintiff), Defendants cannot be liable for bad faith. *See id.*; *see also Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1237 (D. Nev. 2009) ("Because Plaintiffs' claim revolves entirely around alleged misrepresentations made before the [mortgage loan] contract was entered into, [the bad faith claim] fails as a matter of law.").

And, even if Plaintiff is attempting to assert bad faith in the performance of a contractual right to foreclose, "a court should not 'conclude that a foreclosure conducted in accordance with the terms of a deed of trust constitutes a breach of the implied covenant of good faith and fair dealing.'" *Davenport v. Litton Loan Servicing, LP*, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (citation omitted). "The covenant [of good faith] does not 'impose any affirmative duty of moderation in the enforcement of legal rights.'" *Id.* (quoting *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 479-80, 261 Cal. Rptr. 735, 742 (1989)).

Accordingly, Count III is DISMISSED. Because further amendment would be futile, dismissal of Count III is without leave to amend.

///

///

14

**D.    Count IV -- TILA**

Defendants argue that Plaintiff's TILA claims for damages and for rescission are time-barred.  The court agrees.

**1.    *Damages under TILA***

Any claim for damages under TILA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  For violations of TILA's disclosure requirements, this one-year period generally begins to run from the date of consummation of the loan.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Equitable tolling may nonetheless apply in certain circumstances:

> [T]he limitations period in Section 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action.  Therefore, as a general rule, the limitations period starts at the consummation of the transaction.  The district courts, however, can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly.

*Id.*  Where the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedure.  *389*

*Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999).

On its face, Plaintiff's TILA claim for damages is time-barred unless equitable tolling applies -- it was brought over four years from consummation of the loan transaction. The Complaint asserts only that the statute of limitations was tolled "due to Defendants' failure to effectively provide the required disclosures and notices." Compl. ¶ 61. Even if true, this allegation is insufficient to satisfy equitable tolling because it would establish no more than the TILA violation itself. *See, e.g.*, *Garcia v. Wachovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009) ("[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."); *Jacob v. Aurora Loan Servs.*, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) ("Plaintiff cannot rely on the same factual allegations to show that Defendants violated federal statutes and to toll the limitations periods that apply to those statutes. Otherwise, equitable tolling would apply in every case where a plaintiff alleges violations of TILA . . . and the statutes of limitations would be meaningless.").

The Complaint pleads no facts indicating that any Defendant prevented Plaintiff from discovering the alleged TILA violation or caused Plaintiff to allow the filing deadline to pass. *See, e.g.*, *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) ("Equitable tolling is generally applied in situations

16

'where the claimant has actively pursued his judicial remedies by filing a defective

pleading during the statutory period, or where the complainant has been induced or

tricked by his adversary's misconduct into allowing the filing deadline to pass.'")

(quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).  Without any

factual allegations that support the inference that Plaintiff did not have a reasonable

opportunity to discover the TILA violations, the Complaint, even when liberally

construed, does not support tolling the statute of limitations.  *See Von Saher v.

Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)

(granting leave to amend complaint to allege lack of reasonable notice to establish

diligence where the facts alleged did not foreclose lack of reasonable notice as a

matter of law); *see also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902-03

(9th Cir. 2003) (rejecting argument for equitable tolling of the TILA claim because

plaintiff was in full possession of all loan documents and did not allege any actions

that would have prevented discovery of the alleged TILA violations).

 Accordingly, the court DISMISSES Plaintiff's TILA claim for

damages, but grants Plaintiff leave to amend.

 **2.** ***Rescission under TILA***

 As to Plaintiff's claim for rescission pursuant to TILA, Compl. ¶ 63,

TILA provides a right to rescind a loan transaction "until midnight of the third

business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing [the required material disclosures.]"  15 U.S.C. § 1635(a).  If the required disclosures are not provided, however, the right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first[.]"  15 U.S.C. § 1635(f).[5]  Section 1635(f) is an absolute statute of repose barring "any [TILA rescission] claims filed more than three years after the consummation of the transaction."  *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (citing *King*, 784 F.2d at 913).  That is, the three-year period is not subject to equitable tolling.  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures).

Plaintiff's TILA claim for rescission is based on a March 16, 2006 loan transaction.  Plaintiff filed this action over four years later.  Given that equitable tolling cannot apply to this claim, any amendment seeking rescission would be futile.

---

[5]  A transaction is "consummated" when a consumer becomes contractually obligated.  *See Jackson v. Grant*, 890 F.2d 118, 120 (9th Cir. 1989) (citing 12 C.F.R. § 226.2(a)(13)).

Accordingly, the court DISMISSES Plaintiff's claim for rescission pursuant to TILA as time-barred without leave to amend.

## E.    Count V -- RESPA

Count V alleges a violation of RESPA.  Specifically, the Complaint alleges against all Defendants that (1) "the fees for this loan were . . . egregious," Compl. ¶ 71, and (2) "Defendants, and each of them, did give, provide or receive a hidden fee or thing of value for the referral of settlement business, including but not limited to, kickbacks, and/or referral fees." *Id.* ¶ 72.  The Complaint, therefore, is making a RESPA claim under 12 U.S.C. § 2607, for illegal fees at closing.[6]

Initially, to the extent that Count V claims Defendants received "excessive" fees, that claim under RESPA fails as a matter of law -- § 2607 does not prohibit "excessive" fees.  *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 553-54 (9th Cir. 2010) (concluding that § 2607 "cannot be read to prohibit charging fees, excessive or otherwise, when those fees are for services that were actually performed").

As to other aspects of § 2607, Defendants assert that a RESPA claim is time-barred and the allegations otherwise fail to state a claim upon which relief

---

[6] Any possible claims for violations of 12 U.S.C. §§ 2603 or 2604 for failing to provide a "good faith estimate" or "uniform settlement statement" necessarily fail because there is no private cause of action for a violation of those sections.  *See Martinez v. Wells Fargo Home Mortg., Inc.*, 598 F.3d 549, 557 (9th Cir. 2010).

can be granted.  The court agrees that the allegations of the Complaint are wholly

conclusory and fail to state a claim that is plausible on the face of the Complaint.

Further, as pled, the claim appears time-barred.

Specifically, the statute of limitations for a RESPA claim is either one

or three years from the date of the violation, depending on the type of violation.

The one-year period applies to a claim under § 2607.  Specifically, 12 U.S.C.

§ 2614 provides:

> Any action pursuant to the provisions of section 2605,
> 2607, or 2608 of this title may be brought in the United
> States district court or in any other court of competent
> jurisdiction, for the district in which the property
> involved is located, or where the violation is alleged to
> have occurred, within 3 years in the case of a violation of
> section 2605 of this title and 1 year in the case of a
> violation of section 2607 or 2608 of this title from the
> date of the occurrence of the violation . . . .

Although the Ninth Circuit has not addressed the precise issue, other

courts -- including this court -- have found that equitable tolling may apply to a

RESPA claim.  *See Sakugawa v. IndyMac Bank, F.S.B.*, 2010 WL 4909574, at *4

(D. Haw. Nov. 24, 2010) (citing cases).

As with Plaintiff's claim for damages under TILA, Plaintiff brought

this action well past either applicable statute of limitations for RESPA violations.

Any illegal fee would have occurred in 2006; this action was filed in 2010.

Moreover, the Complaint includes no allegations suggesting that equitable tolling may apply.

Accordingly, the court DISMISSES Plaintiff's RESPA claim. The dismissal is without leave to amend as to (1) any claim under § 2607 asserting a fee was "excessive" or otherwise for services that were actually performed, or (2) any claim under §§ 2603 or 2604. Allowing such amendments would be futile. *See Martinez*, 598 F.3d at 554, 557. Otherwise, the dismissal is with leave to amend.

## F.    Count VI -- Rescission

Count VI asserts that "Plaintiff is entitled to rescind the loan for all of the foregoing reasons: 1) TILA Violations; 2) RESPA; 3) Fraudulent Concealment; 4) Deceptive Acts and Practices (UDAP) and 5) Public Policy Grounds, each of which provides independent grounds for relief." Compl. ¶ 76. Like Counts I and II, generally "[r]escission is only a remedy, not a cause of action." *Bischoff v. Cook*, 118 Haw. 154, 163, 185 P.3d 902, 911 (Haw. App. 2008). The remedy thus "rises or falls with [the] other claims." *Ballard*, 2010 WL 5114952, at *8. Indeed, as alleged here, Count VI specifically acknowledges that it is seeking rescission based upon "independent grounds for relief."

Accordingly, Count VI is DISMISSED without leave to amend. The court addresses the merits of rescission separately, when addressing any

independent claims allowing rescission.

## G.      Count VII -- Unfair and Deceptive Acts and Practices

Count VII alleges that all Defendants are liable for Unfair and Deceptive Acts and Practices "by consummating an unlawful, unfair, and fraudulent business practice, designed to deprive Plaintiff of his [sic] home, equity, as well as her past and future investment."  Compl. ¶ 84.  Plaintiff alleges that Defendants "failed to undergo a diligent underwriting process," failed to disclose matters, should not have approved her loan because she could not afford it, and had "knowledge of these facts, circumstances and risks but failed to disclose them."  *Id.* ¶ 81.  By alleging "Unfair and Deceptive Acts and Practices," Plaintiff is making a claim under HRS § 480-2(a) ("Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful.").

Without more, Plaintiff's theory of an unfair practice does not state a claim under § 480-2.  In granting summary judgment against a borrower on a § 480-2 claim, this court in *McCarty v. GCP Management, LLC*, 2010 WL 4812763 (D. Haw. Nov. 17, 2010), relied on the rule that "lenders generally owe no duty to a borrower 'not to place borrowers in a loan even where there was a foreseeable risk borrowers would be unable to repay.'"  *Id.* at *6 (quoting

*Champlaie v. BAC Home Loans Servicing, LP*, 706 F. Supp. 2d 1029, 1061 (E.D. Cal. 2009)).

And, as cited in *McCarty*, ample authority supports this proposition. *See Sheets v. DHI Mortg. Co.*, 2009 WL 2171085, at *4 (E.D. Cal. July 20, 2009) (reasoning that no duty exists "for a lender 'to determine the borrower's ability to repay the loan . . . . The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.'" (quoting *Renteria v. United States*, 452 F. Supp. 2d 910, 922-23 (D. Ariz. 2006) (finding that borrowers "had to rely on their own judgment and risk assessment to determine whether or not to accept the loan")). "[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 56 (Cal. App. 1991). Nothing in the Complaint indicates that any Defendant "exceed[ed] the scope of [a] conventional role as a mere lender of money." The claims fails on that basis alone.

Further, where a Chapter 480 claim is based on fraudulent acts, a plaintiff must plead such claim with particularity. *See Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1232-33 (D. Haw. 2010) (relying on *Kearns v. Ford Motor*

*Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009), to find that Chapter 480 claims that sound in fraud must be pled with particularity). As pled, it appears that at least some of Plaintiff's allegations in support of her Chapter 480 claim sound in fraud. *See* Compl. ¶ 84 (asserting that Defendants engaged in "fraudulent business practices"). But none of the allegations asserts "particularized allegations of the circumstances *constituting* fraud" such as the time, place, and nature of the alleged fraud, and how each Defendant participated in the fraud. *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d at 1547-48. Accordingly, Plaintiff's allegations fail to meet either Rule 8's general pleading requirement or Rule 9(b)'s particularity requirement.

Count VII is therefore DISMISSED with leave to amend.

## H.    Count VIII -- Breach of Fiduciary Duty

Count VIII alleges, without distinguishing between various Defendants, that Defendants owe Plaintiff a fiduciary duty and breached that duty by failing "to advise or notify Plaintiff . . . that Plaintiff would or had a likelihood of defaulting on the loan." Compl. ¶ 87. Defendants also allegedly breached a fiduciary duty owed to Plaintiff by "exercis[ing] a greater level of loyalty to each other by providing each other with financial advantages under the loan without disclosing their relation to one another[.]" *Id.* ¶ 88. Plaintiff also alleges that

failure to provide material disclosures "while in the capacity of Plaintiff's Lender" and "fail[ure] to fully comply with TILA and RESPA . . . are violations of a fiduciary responsibility owed to Plaintiff by Defendants." *Id.* ¶¶ 89-90.

These allegations fail to state a claim against BOA and/or Countrywide. In *McCarty*, this court set forth a myriad of caselaw for the well-settled proposition that generally a borrower-lender relationship is not fiduciary in nature:

> Lenders generally owe no fiduciary duties to their borrowers. *See, e.g.*, *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); *Miller v. U.S. Bank of Wash.*, 865 P.2d 536, 543 (Wash. App. 1994) ("The general rule . . . is that a lender is not a fiduciary of its borrower."); *Huntington Mortg. Co. v. DeBrota*, 703 N.E.2d 160, 167 (Ind. App. 1998) ("A lender does not owe a fiduciary duty to a borrower absent some special circumstances."); *Spencer v. DHI Mortg. Co.*, 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'") (quoting *Oaks Mgmt. Corp. v. Super. Ct.*, 51 Cal. Rptr. 3d 561 (Cal. App. 2006)); *Ellipso, Inc. v. Mann*, 541 F. Supp. 2d 365, 373 (D. D.C. 2008) ("[T]he relationship between a debtor and a creditor is ordinarily a contractual relationship . . . and is not fiduciary in nature.") (citation omitted).

*McCarty*, 2010 WL 4812763, at *5.

Given this rule, Plaintiff fails to state a claim for breach of fiduciary

duty against BOA and/or Countrywide.[7]  As with a § 480-2 claim, nothing in the

Complaint alleges "special circumstances" that might impose a fiduciary duty in

this mortgage-lending situation against Defendants.  *See, e.g.*, *Shepherd v. Am.*

*Home Mortg. Servs., Inc.*, 2009 WL 4505925, at *2 (E.D. Cal. Nov. 20, 2009)

("Plaintiff cites no authority for the proposition that AHMSI or Deutsche owed a

duty to not cause plaintiff harm in their capacities as servicer and [successor] to the

original lender in ownership of the loan, respectively. . . .  In fact, loan servicers do

not owe a duty to the borrowers of the loans they service.").

      Accordingly, Count VIII is DISMISSED with leave to amend.

## I.    Count IX -- Unconscionability

      Defendants next argue that Count IX entitled  "Unconscionability --

UCC-2-3202" fails to state a claim.  Count IX asserts that courts may refuse to

enforce a contract or portions of a contract that are unconscionable, Compl. ¶ 92,

and courts are to give parties an opportunity to present evidence regarding a

---

[7] Unlike lenders, brokers generally owe fiduciary duties to their clients.  *See, e.g.*, *Mortensen v. Home Loan Ctr., Inc.*, 2009 WL 113483, at *4 (D. Ariz. Jan. 16, 2009) (citing cases indicating that mortgage brokers have fiduciary duties to their clients); *Brewer v. Indymac Bank*, 609 F. Supp. 2d 1104, 1119 (E.D. Cal. 2009) (same); *cf. Han v. Yang*, 84 Haw. 162, 172, 931 P.2d 604, 614 (Haw. App. 1997) ("A real estate broker is a fiduciary and consequently must exercise the 'utmost good faith, integrity, honesty, and loyalty,' and must diligently uphold a legally imposed duty of due care.") (citations omitted).  Because Plaintiff does not assert any allegations establishing that any of the Defendants were acting in the capacity as a broker, the court need not determine if Plaintiff could state a claim against a broker.

contract's "commercial setting, purpose and effect" to determine if a contract is

unconscionable. *Id.* ¶ 94. It alleges the following facts:

> Here, based on the deception, unfair bargaining position,
> lack of adherence to the regulations, civil codes and
> federal standards that the Defendants were required to
> follow; coupled with the windfall that the Defendants
> reaped financially from their predatory practices upon
> Plaintiff's [sic], the court may find that the loan
> agreement and trust deed are unconscionable and of no
> force or effect.

*Id.* ¶ 94.

"Unconscionability" is generally a defense to the enforcement of a

contract, and is not a proper claim for affirmative relief. *See, e.g.*, *Gaitan v. Mortg.*

*Elec. Registration Sys.*, 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009)

("Unconscionability may be raised as a defense in a contract claim, or as a legal

argument in support of some other claim, but it does not constitute a claim on its

own."); *Carey v. Lincoln Loan Co.*, 125 P.3d 814, 829 (Or. App. 2005)

("[U]nconscionability is not a basis for a separate claim for relief."); *see also*

*Barnard v. Home Depot U.S.A., Inc.*, 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct.

27, 2006) (citing numerous cases for the proposition that neither the common law

or the UCC allows affirmative relief for unconscionability).

To the extent unconscionability can be addressed affirmatively as part

of a different -- that is, independent -- cause of action, such a claim "is asserted to

27

prevent the enforcement of a contract whose *terms* are unconscionable." *Skaggs v. HSBC Bank USA, N.A.*, 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original).[8] *Skaggs* dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," but not any specific contractual term. *Id.* Likewise, Count IX fails to challenge any particular term as unconscionable in an affirmative claim where the unconscionable terms may be relevant to that particular claim.

Accordingly, Count IX is DISMISSED with leave to amend.

## J.    Count X -- Predatory Lending

Defendants also challenge Count X entitled "Predatory Lending." Count X repeats a variety of allegations (*e.g.*, failure to disclose terms and conditions or material facts, targeting of unsophisticated persons, unfair loan terms,

---

[8] In *Skaggs*, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission." 2010 WL 5390127, at *3 n.2 (citing *Thompson v. AIG Haw. Ins. Co.*, 111 Haw. 413, 142 P.3d 277 (2006)). The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action. Even in *Thompson*, the operative complaint did not assert a separate *count* for rescission or unconscionability. *See Thompson*, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS 480-2). In *Thompson*, the remedy of rescission was based on an independent claim.

and improper underwriting) that form the basis of other causes of action.

Courts, however, have found that there is no common law claim for "predatory lending." *See Haidar v. BAC Home Loans Servicing, LP*, 2010 WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) (agreeing that "there is no cause of action for predatory lending"); *Pham v. Bank of Am., N.A.*, 2010 WL 3184263, at *4 (N.D. Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending"). To the extent such "predatory" practices provide a claim for relief, they appear to be grounded in another statutory or common-law cause of action such as fraud -- the term "predatory lending" is otherwise too broad. *See Vissuet v. Indymac Mortg. Servs.*, 2010 WL 1031013, at *3 (S.D. Cal. Mar. 19, 2010) (dismissing claim for "predatory lending" with leave to amend -- agreeing that the term is expansive and fails to provide proper notice, where Defendants "are left to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination"); *see also Hambrick v. Bear Stearns Residential Mortg.*, 2008 WL 5132047, at *2 (N.D. Miss. Dec. 5, 2008) (dismissing a claim for predatory lending where plaintiffs failed to cite any "[state] or applicable federal law, precedential or statutory, creating a cause of action for 'predatory lending.' The court is unaware of any such cause of action.").

The court finds these authorities persuasive. Count X fails to state a

cause of action.  The court does not mean to imply that "predatory lending" is

proper and cannot form the basis of some cause of action.  But Hawaii courts have

not recognized "predatory lending" itself as a common-law cause of action, and the

precise elements of such a claim are undefined.  The ambiguous term "predatory

lending" potentially encompasses a wide variety of types of alleged wrongdoing.

Recognizing a cause of action here would thus fail to provide proper notice.  *See*

*Vissuet*, 2010 WL 1031013, at *3.

Accordingly, Count X is DISMISSED with leave to amend to allow

an opportunity for Plaintiff to attempt to state a cause of action based on specific

activities (which others might otherwise describe as "predatory") under a

recognized statutory or common-law theory.

## K.    Count XI  -- Quiet Title

Count XI alleges that Defendants have "no legal or equitable right,

claim, or interest in the Property," Compl. ¶ 110, and therefore Plaintiff is entitled

to a declaration that "the title to the Subject Property is vested in Plaintiff's [sic]

alone[.]"  *Id.* ¶ 111.

The court infers that Plaintiff is making a claim under HRS § 669-1(a)

("[Quiet title] [a]ction may be brought by any person against another person who

claims, or who may claim adversely to the plaintiff, an estate or interest in real

property, for the purpose of determining the adverse claim.").  The court agrees with Defendants that Plaintiff has not alleged sufficient facts regarding interests of various parties to make out a cognizable claim for "quiet title."  Plaintiff has merely alleged elements of § 669-1, and thus the Count fails to state a claim.  *See Iqbal*, 129 S. Ct. at 1949 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient.).

Further, in order to assert a claim for "quiet title" against a mortgagee, a borrower must allege they have paid, or are able to tender, the amount of indebtedness.  "A basic requirement of an action to quiet title is an allegation that plaintiffs 'are the rightful owners of the property, *i.e.*, that they have satisfied their obligations under the deed of trust.'"  *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (quoting *Kelley v. Mortg. Elec. Registration Sys.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).  "[A] borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property."  *Id.* (applying California law -- *Miller v. Provost*, 26 Cal. App. 4th 1703, 1707, 33 Cal. Rptr. 2d 288, 290 (1994) ("a mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee") (citation omitted), and *Rivera v. BAC Home Loans Servicing, L.P.*, 2010 WL 2757041, at *8 (N.D. Cal. July 9, 2010)).

Applying this law here, which the court finds persuasive, Plaintiff has not indicated that she has paid her outstanding loan balance, much less that she is able to do so. In short, she fails to state a claim for quiet title.

Accordingly, Count XI is DISMISSED with leave to amend.

## L.    Count XII -- Lack of Standing (MERS)

Count XII, entitled "Lack of Standing; Improper Fictitious Entity" fails to state a claim because a claim for "lack of standing" makes no sense against a defendant. Rather, standing is a requirement for a plaintiff in order to proceed in a lawsuit.

Count XII alleges generally that MERS is an "'artificial' entity" "designed to circumvent certain laws and other legal requirements dealing with mortgage loans." Compl. ¶ 115. Plaintiff further asserts that an assignment of the note or mortgage to MERS is illegal. *Id.* ¶ 116. Plaintiff appears to be alleging that MERS may not foreclose, or has improperly foreclosed, because it is not a holder of the note. If this is the purpose of Count XII, the court will allow Plaintiff an opportunity to clarify the factual allegations as to MERS, but not to do so as now written in this Count. Plaintiff may, if appropriate, attempt in an Amended Complaint to assert alleged illegalities as to MERS' status in an independent cause of action -- not in a count entitled "Lack of Standing; Improper Fictitious Entity."

Accordingly, Count XII is DISMISSED with leave to amend as to MERS only.

## V.  **CONCLUSION**

The Motion is GRANTED and the Complaint is DISMISSED with leave to amend as to specific counts as explained above.

To be clear, Plaintiff is granted leave to amend as to all Defendants as to Counts V (for violating 12 U.S.C. § 2607, if equitably tolled), VII, VIII, and IX. Plaintiff is further granted leave to amend Counts IV (for damages under TILA, if equitably tolled), X through XI as to all Defendants, and XII as to MERS.  But Counts I, II, III, IV (for rescission against all Defendants), V, and VI are DISMISSED *without* leave to amend.

Plaintiff is GRANTED until July 22, 2011 to file an Amended Complaint attempting to cure the identified deficiencies.  If Plaintiff chooses to file an Amended Complaint she must clearly state how each named Defendant has injured her.  In other words, Plaintiff should explain, in clear and concise allegations, what each Defendant did and how those specific facts create a plausible claim for relief.  Plaintiff should not include facts that are not directly relevant to her claims.  In other words, to provide proper notice, the Amended Complaint should allege necessary facts against specific Defendants, *i.e.*, tie each

claim to a Defendant or specific Defendants and explain how each Defendant is liable. Failure to file an Amended Complaint by July 22, 2011 will result in automatic dismissal of this action as to all Defendants.

Plaintiff is also notified that an Amended Complaint supercedes the prior Complaint and must be complete in itself without reference to prior or superceded pleadings. *E.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citation omitted). That is, the Amended Complaint, if any, must stand alone, without reference to prior pleadings or documents in the record.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 23, 2011.



/s/ J. Michael Seabright
_____
J. Michael Seabright
United States District Judge

*Hoilien v. Bank of Am. et al.*, Civ. No. 10-00760 JMS/KSC, Order Granting Defendants' Motion to Dismiss